1  FITZGERALD KNAIER LLP
2     Kenneth M. Fitzgerald, Esq. (SBN: 142505)
   kfitzgerald@fitzgeraldknaier.com
3     Keith M. Cochran, Esq. (SBN: 254346)
   kcochran@fitzgeraldknaier.com
4  550 West "C" Street, Suite 2000
5  San Diego, California 92101
Tel:  (619) 241-4810
6  Fax:  (619) 955-5318
7
Attorneys for Plaintiff,
8  Willie C. Register, Jr.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Willie C. Register, Jr.,** *an individual*, <br><br> Plaintiff, <br><br> v. <br><br> **United Airlines, Inc.,** *a Delaware corporation*; <br><br> Defendant. | Case No.: **'16CV2480 W   BGS** <br><br> **Complaint for:** <br> **(1) Civil Rights Discrimination – (Violation of 42 U.S.C. § 1981);** <br> **(2) Unruh Civil Rights Act – (Violation of Cal. Civ. Code § 51);** <br> **(3) Title VI of the Civil Rights Act of 1964;** <br> **(4) False Imprisonment;** <br> **(5) Intentional Infliction of Emotional Distress;** <br> **(6) Negligence;** <br> **(7) Negligent Infliction of Emotional Distress; and** <br> **(8) Breach of Contract.** <br><br> Jury Trial Demanded |

1  Plaintiff Willie C. Register, Jr. ("Plaintiff") alleges against defendant United
2  Airlines, Inc. ("Defendant") as follows:

**Introduction and Summary of Allegations**

4  1.  This suit is brought to redress the racial discrimination and wrongful
5  profiling of a peaceful African-American passenger by United Airlines.  On October
6  22, 2015, Plaintiff was a passenger on United Airlines Flight No. 1150.  As the plane
7  was leaving the gate, Plaintiff was discriminated against, harassed, and humiliated by
8  one of Defendant's flight attendants.  Plaintiff was then unjustifiably removed from
9  the flight in front of the other passengers, despite the fact that he posed no security
10 risk.  Plaintiff was wrongfully removed from the flight because 1) he had politely
11 objected to a United flight attendant calling an older African-American passenger "a
12 bitch," within earshot of young children; and, 2) because he was black.  Even though
13 Plaintiff was removed from the flight at the insistence of the vulgar flight attendant
14 whose unprofessional conduct caused discomfort for the passengers around her,
15 Plaintiff was not arrested, as he had done nothing illegal; instead, he was sequestered
16 and forced to take a later flight home.  As a result of this humiliating event, Plaintiff
17 required overnight hospitalization for personal injuries, including stress-induced
18 asthma.  Plaintiff's attempt to obtain reasonable compensation for his mistreatment
19 was rejected by United Airlines, forcing him to file this action.

**Parties**

21 2.  Plaintiff is an individual residing in San Diego County.  Plaintiff has a
22 Bachelor's Degree from University of California San Diego, and serves as the High
23 School Pastor at North Coast Calvary Chapel in Carlsbad, California.  Plaintiff is an
24 African-American male.

25 3.  Defendant United Airlines, Inc. is a major American airline
26 headquartered in Chicago, Illinois.  Defendant is incorporated in Delaware.

**Jurisdiction and Venue**

28 4.  This lawsuit challenges the discriminatory and unjustified removal of a

1  United States citizen from a United Airlines flight, in violation of the laws of the
2  United States and of the State of California.  This case is brought pursuant to 42
3  U.S.C. § 1981 and California Civil Code § 51, *et seq*.  This Court has jurisdiction over
4  this action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

5      5.  This Court has personal jurisdiction over Defendant because
6  Defendant is an airline that regularly does business in San Diego County.

7      6.  Venue is proper in the Southern District of California under 28 U.S.C.
8  § 1391 because Defendant does business in this district.

**Facts**

10      7.  On the morning of October 22, 2015, Plaintiff was returning from a
11  youth pastor conference in Atlanta, Georgia, and boarded the final leg of his flight
12  home on United Airlines Flight No. 1150, for a scheduled 9:06 a.m. departure.
13  Plaintiff was seated in 38D, traveling on eTicket Number: 0162465809236.  He was
14  scheduled to arrive in San Diego at 10:29 a.m.

15      8.  Upon boarding the plane, Plaintiff observed an older African-American
16  female passenger struggling to find space for her carry-on bag.  He then overheard
17  the same woman inform a United Airlines flight attendant of a health condition that
18  prevented her from stowing her bag in the rear of the plane.  After expressing her
19  medical concerns, she was escorted to her seat by the flight attendant.

20      9.  The same flight attendant then walked to the rear of the plane and
21  informed her colleague, another United Airlines flight attendant named Prya, of the
22  circumstances.  Prya appeared annoyed by the situation and proceeded to contact
23  someone via the airplane phone.

24      10.  During this conversation, Prya complained about the African-American
25  woman who requested assistance, saying "no… she's just being a bitch about it."
26  Prya's comments were so loud that Plaintiff and other passengers in the area could
27  overhear her conversation clearly.  Several passengers made faces in response to this
28  comment, and Plaintiff was alarmed by the inappropriate and unprofessional nature

of the call, particularly because there were young children seated in his row, who could easily hear Prya's vulgar insult.

11. Plaintiff politely asked Prya to lower her voice and be mindful of the language she was using in front of the children. He calmly and respectfully expressed to Prya that it was unprofessional to speak of others in that manner. Prya reacted defensively, denying that she used any inappropriate language. Prya then rolled her eyes, walked away, and again within Plaintiff's earshot, expressed to another United Airlines flight attendant that "this [was] going to be an interesting flight."

12. A man seated in seat 37C, who overheard Prya's telephone conversation as well, expressed to Plaintiff that he had done the right thing by addressing Prya's actions. Plaintiff had a short pleasant conversation with the man, and then Plaintiff closed his eyes in an attempt to fall asleep for the flight.

13. A few moments later, Plaintiff was awakened by Prya bumping his arm as she walked down the aisle. As any understanding person would, Plaintiff presumed it was an accident. So, he said nothing, and closed his eyes again.

14. Moments later, Plaintiff was awakened by a United Airlines Flight Attendant Supervisor (the "Supervisor"). The Supervisor asked Plaintiff if there was a problem, and Plaintiff expressed to the Supervisor that he did not have a problem, but said that Prya had used inappropriate language. The Supervisor then told Plaintiff that Prya denied saying anything inappropriate. When Plaintiff specifically told the Supervisor what he heard, the Supervisor looked surprised, but continued to reiterate Prya's denial. The Supervisor then walked away. Again, Plaintiff closed his eyes in an attempt to go to sleep.

15. However, for a third time, Plaintiff was suddenly jarred awake, once again by Prya bumping him with her hip. After witnessing this event, a man sitting directly across the aisle in seat 38C, said to Plaintiff "if I was you, I would have done something about that."

1    16.    Plaintiff immediately pressed the "call" button in an attempt to speak with the Supervisor again, this time to address Prya's repeatedly rude behavior. The Supervisor walked over and asked Plaintiff if he would like to move seats. Plaintiff declined the offer, and simply requested that she speak with Prya about her inappropriate behavior. To his surprise, the Supervisor asked Plaintiff if they were going to have any issues with him on the flight. Plaintiff said no, in an incredulous tone of voice.

17.    Plaintiff then overheard Prya say to the supervisor "I just don't feel comfortable" with Plaintiff or words to that effect. A short time later, the captain made an announcement regarding a situation on the plane that needed to be addressed and turned the plane around.

18.    Once the plane returned to the gate, Alex Nunoz, a United Airlines employee, boarded the plane and asked Plaintiff to grab his belongings and follow him off the plane. Plaintiff did so, even though he was confused by Mr. Nunoz's request. As a young African-American man, Plaintiff was completely humiliated as other passengers watched him being escorted off of the plane. Plaintiff could feel the judgment of the other passengers as he walked down the aisle.

19.    Once escorted off the plane, Plaintiff explained the situation to Mr. Nunoz and another individual from gate personnel, and after hearing his story, they both apologized to Plaintiff and agreed that the plane should not have been turned around based on what had taken place. They both encouraged Plaintiff to file a formal complaint with United Airlines. Plaintiff was then forced to take a much later flight.

20.    As a result of his distress over this incident, Plaintiff began experiencing tightness in his chest and shortness of breath on his flight back to San Diego. Immediately after landing in San Diego, Plaintiff was taken to Scripps Hospital, Encinitas, where he was treated for stress-induced asthma and tested for blood clots. Due the severity of his symptoms, he was kept in the hospital

1  overnight, leaving his wife (who was 8 months pregnant) to care for their 3 year-old
2  daughter and 14 month-old son alone.  Plaintiff was discharged the following day,
3  with a prescription for albuterol to relax the muscles in his airway and increase air
4  flow to his lungs.

5       21.     Throughout the entire incident on the United Airlines flight, Plaintiff
6  was calm and respectful, and never once raised his voice or spoke disrespectfully to
7  any of the employees.  Plaintiff was in no way a threat to any passengers or members
8  of the crew, and Plaintiff should not have been removed from the plane.  Even while
9  being escorted off of the plane, Plaintiff was calm and cooperative.

10       22.     Based on his race, Plaintiff was mistreated and targeted by Defendant's
11  flight crew.  Federal law expressly provides that an "air carrier or foreign air carrier
12  may not subject a person in air transportation to discrimination on the basis of race,
13  color, national origin, religion, sex, or ancestry." 49 U.S.C. § 40127(a).  Plaintiff was
14  humiliated as a result of his treatment.  Plaintiff was never disorderly, offensive,
15  abusive, or violent to anyone.  In reality, Prya was the aggressor, motivated by racial
16  animus, and Plaintiff was the victim.

17  <div align="center">**First Cause of Action**</div>
18  <div align="center">**(Civil Rights Discrimination – Violation of 42 U.S.C. § 1981)**</div>

19       23.     Plaintiff incorporates by reference each and every allegation set forth
20  above as though fully set forth herein.

21       24.     The pilot, flight crew, gate agents, and ground security personnel for
22  United Airlines Flight No. 1150 on October 22, 2015, were at all relevant times
23  agents and/or employees of Defendant United Airlines, and were acting within the
24  course and scope of their employment.

25       25.     Defendant is liable for the unlawful acts of its agents and employees
26  directly and/or under the doctrine of *respondeat superior*.

27       26.     Defendant engaged in intentional discrimination on the basis of
28  Plaintiff's perceived race, color, alienage, or ethnicity in removing Plaintiff from

United Airlines Flight No. 1150 on October 22, 2015.  In doing so, Defendant discriminated against Plaintiff in the making and enforcement of his contract with Defendant, namely the ticket he purchased to travel on United Airlines Flight No. 1150 on October 22, 2015.

27. Defendant's actions deprived Plaintiff of the right to make and enforce contracts regardless of his race, in violation of 42 U.S.C. § 1981.  Defendant's actions were intentional and done in violation of Plaintiff's civil rights.

28. As a direct, foreseeable, and proximate result of Defendant's discrimination and wrongful acts, Plaintiff suffered and continues to suffer fear, anxiety, humiliation, mental pain and anguish, emotional distress, inconvenience, and economic loss.

## Second Cause of Action

### (Unruh Civil Rights Act – Violation of Cal. Civ. Code § 51)

29. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

30. Defendant is a "business establishment" within the terms of the Unruh Civil Rights Act, and thus may not "discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state because of the race, creed, religion, color, national origin, sex, disability, or medical condition."  Cal. Civ. Code §§ 51, 51.5.

31. The pilot, flight crew, gate agents, and ground security personnel for United Airlines Flight No. 1150 on October 22, 2015, were at all relevant times agents and/or employees of Defendant, and were acting within the course and scope of their employment.

32. Defendant is liable for the unlawful acts of its agents and employees directly and/or under the doctrine of *respondeat superior*.

33. Defendant United Airlines engaged in intentional discrimination on the basis of Plaintiff's perceived race, creed, religion, color, or national origin in

1  removing Plaintiff from United Airlines Flight No. 1150 on October 22, 2015.
2  Defendant's acts violated the Unruh Civil Rights Act by depriving Plaintiff of the
3  "full and equal accommodations, advantages, facilities, privileges, or services in all
4  business establishments" to which Plaintiff is entitled under California law.
5  Defendant's actions were intentional and done in violation of Plaintiff's civil rights.
6      34.    As a direct, foreseeable, and proximate result of Defendant's
7  discrimination and wrongful acts, Plaintiff suffered and continues to suffer fear,
8  anxiety, humiliation, mental pain and anguish, emotional distress, inconvenience, and
9  economic loss.

### Third Cause of Action
### (Title VI of the Civil Rights Act of 1964)

12      35.    Plaintiff incorporates by reference each and every allegation set forth
13  above as though fully set forth herein.
14      36.    The pilot, flight crew, gate agents, and ground security personnel for
15  United Airlines Flight No. 1150 on October 22, 2015, were at all relevant times
16  agents and/or employees of Defendant United Airlines, and were acting within the
17  course and scope of their employment.
18      37.    Defendant is liable for the unlawful acts of its agents and employees
19  directly and/or under the doctrine of *respondeat superior*.
20      38.    Defendant is the recipient of federal funds, and is thus covered by Title
21  VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d).  Title VI and its
22  implementing regulations prohibit recipients of federal monies from discriminating
23  on the basis of, *inter alia*, race, color, or national origin.  Defendant's failure to permit
24  Plaintiff to fly on Defendant's airline on the basis of Plaintiff's race, color, and/or
25  national origin discriminated against Plaintiff in violation of Title VI and its
26  implementing regulations.  Defendant's actions were intentional and done in
27  violation of Plaintiff's civil rights.

**Fourth Cause of Action**

**(False Imprisonment)**

39. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

40. The pilot, flight crew, gate agents, and ground security personnel for United Airlines Flight No. 1150 on October 22, 2015, were at all relevant times agents and/or employees of Defendant United Airlines, and were acting within the course and scope of their employment.

41. Defendant intentionally and willfully deprived Plaintiff of his freedom of movement by use of physical barriers, force and threats of force, menace, fraud, deceit, and unreasonable duress, including removing Plaintiff from United Airlines Flight No. 1150 on October 22, 2015.

42. The restraint, confinement, and detention compelled Plaintiff to remain in the airport for an appreciable amount of time.

43. Plaintiff did not knowingly or voluntarily consent to such restraint, confinement, and detainment.

44. Plaintiff was harmed by such restraint, confinement, and detainment.

45. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

46. Defendant's conduct was sufficiently outrageous as to entitle Plaintiff to an award of punitive damages in an amount to deter Defendant's future outrageous conduct.

**Fifth Cause of Action**

**(Intentional Infliction of Emotional Distress)**

47. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

48. The pilot, flight crew, gate agents, and ground security personnel for United Airlines Flight No. 1150 on October 22, 2015, were at all relevant times

1 agents and/or employees of Defendant United Airlines, and were acting within the
2 course and scope of their employment.

3      49.    Defendant and its employees and agents did not have a legitimate,
4 nondiscriminatory reason to believe that Plaintiff posed a security risk.  The actions
5 of Defendant in removing Plaintiff from United Airlines Flight No. 1150 on
6 October 22, 2015, were willful, wanton, reckless, and constitute outrageous conduct.

7      50.    Defendant and its employees and agents knew or should have known
8 that their discriminatory treatment of Plaintiff and confinement of Plaintiff would
9 create an unreasonable risk of emotional and physical damage.  Defendant and its
10 employees and agents intended to cause Plaintiff severe emotional distress.

11      51.    Plaintiff suffered severe physical and emotional distress as a result of
12 the willful, wanton, reckless, and outrageous conduct of Defendant and its
13 employees and agents.

14      52.    Defendant's conduct was a substantial factor in causing Plaintiff's
15 severe emotional distress.

16      53.    Defendant's conduct has been sufficiently outrageous as to entitle
17 Plaintiff to an award of punitive damages in an amount that will deter Defendant's
18 future outrageous conduct.

19 <center>**Sixth Cause of Action**</center>
20 <center>**(Negligence)**</center>

21      54.    Plaintiff incorporates by reference each and every allegation set forth
22 above as though fully set forth herein.

23      55.    At all times alleged herein, Defendant owed a duty to the passengers on
24 board United Airlines Flight No. 1150 on October 22, 2015, to follow all federal
25 aviation standards, rules, and regulations, including the operating and controlling the
26 aircraft, on the ground and in the air, with the highest degree of care to which
27 common carriers are subject; and to exercise the highest degree of care to prevent
28 injury of any kind, including injury as a result of removing a passenger from the

aircraft.

56. Defendant had no reason to believe that Plaintiff posed a security risk.

57. The forcible removal of Plaintiff from United Airlines Flight No. 1150 and confinement to the airport was a breach of that duty and a direct and immediate result of the negligence of Defendant and its employees and agents.

58. Plaintiff did not engage in any behavior or make any comments that could justify Defendant's decision to have him removed from United Airlines Flight No. 1150.

59. It was reasonably foreseeable that Defendant's breach of its duty to Plaintiff would cause injury to Plaintiff.

60. As a legal and proximate result of the aforementioned negligence of Defendant and its employees and agents, Plaintiff was injured and suffered physical pain, severe emotional distress, and pain and suffering.

**Seventh Cause of Action**

**(Negligent Infliction of Emotional Distress)**

61. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

62. Defendant and its employees and agents acted negligently and/or recklessly when they removed Plaintiff from United Airlines Flight No. 1150.

63. Defendant and its employees and agents should have known that their discriminatory treatment and confinement of Plaintiff would create an unreasonable risk of emotional and physical damages.

64. As a result of Defendant's actions, Plaintiff suffered serious emotional distress, including suffering anguish, fright, nervousness, grief, anxiety, worry, shock, humiliation, and shame, all of which an ordinary reasonable person would be unable to cope.

65. Defendant's negligence was a substantial factor in causing Plaintiff's serious emotional distress.

- 10 -                                                                                                  Complaint
*Register v. United Airlines, Inc.*

## Eighth Cause of Action

### (Breach of Contract)

66. Plaintiff incorporates by reference each and every allegation set forth above as though fully set forth herein.

67. Plaintiff and Defendant entered into a contract of carriage.

68. Plaintiff performed all conditions, covenants, and promises required on his part to be performed in accordance with the terms and conditions of the contract.

69. Defendant breached the contract by removing Plaintiff from United Airlines Flight No. 1150, and failing to provide safe transport.

70. As a proximate result of Defendant's breach, Plaintiff has suffered damages in an amount to be proven at trial.

## Prayer for Relief

Plaintiff prays for judgment as follows:

A. For a declaratory judgment that the actions of Defendant described above constituted discrimination on the basis of race in violation of 42 U.S.C. § 1981 and the Unruh Civil Rights Act, California Civil Code § 51, *et seq.*;

B. Permanently enjoining Defendant and its directors, officers, agents, and employees to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

C. Awarding Plaintiff his expenses, costs, fees, and other disbursements associated with the filing and maintenance of this action, including reasonable attorneys' fees pursuant to 28 U.S.C. § 1988, California Civil Code § 52 and any other applicable provision of law;

D. For compensatory damages according to proof;

E. For statutory damages;

F. For punitive damages; and

G.  For such other relief as the Court may deem just and proper.

Dated: October 4, 2016                    FITZGERALD KNAIER LLP

By: /s/ Kenneth M. Fitzgerald
    Kenneth M. Fitzgerald, Esq.
    Keith M. Cochran, Esq.
    Attorneys for Plaintiff,
    Willie C. Register, Jr.

## Jury Demand

Plaintiff hereby demands a trial by jury for all issues so triable.

Dated: October 4, 2016                    FITZGERALD KNAIER LLP

By: /s/ Kenneth M. Fitzgerald
    Kenneth M. Fitzgerald, Esq.
    Keith M. Cochran, Esq.
    Attorneys for Plaintiff,
    Willie C. Register, Jr.