UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE C. REGISTER, Jr.,<br><br>                              Plaintiff,<br><br>v.<br><br>UNITED AIRLINES, Inc.,<br><br>                              Defendant. | Case No.:  16-CV-2480 W (BGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 8]** |

Pending before the Court is a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) brought by Defendant United Airlines, Inc. ("United"). [Doc. 8.] Plaintiff Willie C. Register, Jr. ("Register") opposes. [Doc. 13.] The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d)(1). For the reasons that follow, the Court **GRANTS** Defendant's motion.

//
//
//
//
//

1

## I. BACKGROUND[1]

Plaintiff Register is a high school pastor residing in San Diego County. Defendant United is an airline corporation incorporated in Delaware and headquartered in Illinois. (*Compl.* [Doc. 1] ¶¶ 2–3.)

On October 22, 2015, Register boarded a United flight out of Atlanta, Georgia bound for San Diego, California. (*Compl.* [Doc. 1] ¶ 7.) While boarding and thereafter during taxi on the runway,[2] he became involved in a verbal altercation with a United flight attendant named Prya. (*Id.* [Doc. 1] ¶¶ 7–17.) Prya twice "bumped" Register, waking him up. (*Id.*) Register complained to Prya's supervisor twice. (*Id.*) After the second complaint, Register "overheard Prya say to the supervisor[,] 'I just don't feel comfortable' with Plaintiff[,] or words to that effect." (*Id.* [Doc. 1] ¶ 17.) This evidently led to a complaint to the plane's captain from one of the flight crew, who "made an announcement regarding a situation on the plane that needed to be addressed and turned the plane around." (*See id.*) Register, who is African-American, alleges that United intentionally discriminated against him on account of his race. (*See id.* [Doc. 1] ¶ 22.)

On October 4, 2016, Register commenced this action for action for: (1) violation of 42 U.S.C. § 1981; (2) violation of Cal. Civ. Code § 51; (3) violation of 42 U.S.C. § 2000d; (4) false imprisonment; (5) intentional infliction of emotional distress; (6) negligence; (7) negligent infliction of emotional distress; and (8) breach of contract. (*Compl.* [Doc. 1].)

United now moves for judgment on the pleadings on the grounds that: (1) the Federal Aviation Act, 49 U.S.C. § 44902, preempts Plaintiff's state-law causes of action;

---

[1] The Complaint alleges the following facts. [Doc. 1.]

[2] The Complaint leaves it somewhat ambiguous as to whether the plane ever actually took off before the incident in question. It would appear that it did not, and that the incident took place while the plane was taxiing toward the runway. (*See Compl.* [Doc. 1] ¶ 18 ("Once the plane returned to the gate, . . . a United . . . employee . . . boarded . . . and asked plaintiff to grab his belongings and follow him off the plane.").)

and (2) the Complaint contains insufficient facts to support Plaintiff's federal causes of action.  (*Def.'s Mot.* [Doc. 8].)  Register Opposes.  (*Pl.'s Opp'n* [Doc. 13].)

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Judgment on the pleadings is proper "when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to a judgment as a matter of law." Fajardo v. Cnty. Of Los Angeles, 179 F.3d 698, 699 (9th Cir. 1999).  "Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog." Dworkin v. Hustler Magazine Inc., 867 F.2d 1188, 1192 (9th Cir. 1989).

> For the purposes of [a Rule 12(c)] motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false . . . . Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law.

Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990) (internal citations omitted).

Complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to rise above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007).  The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pleaded allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or

unreasonable inferences.  Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. State-Law Causes of Action

United contends that the Federal Aviation Act ("FAA"), specifically 49 U.S.C. § 44902, preempts all of Plaintiff's state-law causes of action.  (*Def.'s Mot.* [Doc. 8-1] 5:18–10:24.)

Congress has the power to preempt state law.  See U.S. CONST. ART. VI, cl. 2.  It may do so expressly, or through implication.  See Cipollone v. Liggett Grp., Inc., 505 U.S. 504, 516 (1992).  "There are two types of implied preemption: conflict preemption and field preemption."  Montalvo v. Spirit Airlines, 508 F.3d 464, 470 (9th Cir. 2007).  Conflict preemption exists when a state law conflicts with a federal law or "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress in enacting the federal law."  Id.  "[F]ield preemption occurs when Congress indicates in some manner an intent to occupy a given field to the exclusion of state law."  Id. (citing Cipollone, 505 U.S. at 516).

The FAA contains no express preemption of state law.  See Montalvo, 508 F.3d at 470; Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc., 555 F.3d 806, 808 (9th Cir. 2009) ("The Federal Aviation Act has no express preemption clause.").  However, courts have held that the FAA, together with regulations promulgated by the Federal Aviation Administration, implicitly "occupies the entire field of aviation safety."  See Montalvo, 508 F.3d at 471–74.  That said, the FAA's preemptive scope is coextensive with the pervasiveness of federal regulations in any particular area of law.  See Martin ex rel. Heckman, 555 F.3d at 811.  In some areas without pervasive federal regulations, state standards of care may still apply.  See id. at 811–12 (holding that federal law did not preempt state tort claims involving airplane stairs because pervasive federal regulations

did not exist in that area); see also Ventress v. Japan Airlines, 747 F.3d 716, 721–22 (9th Cir. 2014) (outlining this distinction).

Per the FAA, "[s]ubject to regulations of the Under Secretary, an air carrier . . . may refuse to transport a passenger . . . the carrier decides is, or might be, inimical to safety." 49 U.S.C. § 44902(b).  As there is a federal standard directly on point that authorizes additional federal regulations, this is not an area without pervasive federal regulatory control such that field preemption might not apply.  See, e.g., Shaffy v. United Airlines, Inc., 360 F. App'x 729, 730–31 (9th Cir. 2009)[3]; Mercer v. Sw. Airlines Co., No. 13-CV-05057-MEJ, 2014 WL 4681788, at *3–6 (N.D. Cal. Sept. 19, 2014).  The FAA preempts all state law impinging upon the circumstances under which an air carrier may remove a passenger from a flight for safety reasons.  See 49 U.S.C. § 44902(b); Ventress, 747 F.3d at 721–22.

Register contends that a preemption decision is premature at this stage because "the Complaint does not allege that Plaintiff was removed from the plane for safety reasons." (*See Pl.'s Opp'n* [Doc. 13] 5:8–12.)  He would have the Court overlook his allegation that "the captain made an announcement regarding a situation on the plane that needed to be addressed and turned the plane around[.]"  (*See Compl.* [Doc. 1] ¶ 17.)

Analyzing a flight captain's decision to divert an aircraft because of a "situation" onboard, perceived from the perspective of the flight deck, necessitates an inquiry into the federally occupied field of flight safety, specifically the circumstances under which an air carrier may remove a passenger for safety reasons.  (*Compl.* [Doc. 1] ¶ 17.)  See 49 U.S.C. § 44902(b); Ventress, 747 F.3d at 721–22; see also Mercer, 2014 WL 4681788, at *5 ("Discounting [a statement by an airline employee to the effect that the captain considered that plaintiff a "security threat"] as a pretext for intentional racial discrimination, Plaintiff misses the point . . . . Defendant has it right that whether or not

---

[3] Per Ninth Circuit Rule 36-3(b), unpublished Ninth Circuit orders issued after January 1, 2007 may be cited as persuasive authority per Federal Rule of Appellate Procedure 32.1.

5

the captain was *correct* in his belief that Plaintiff posed a security threat, the fact that the safety of the flight was in question at the time Defendant acted is what is relevant to this analysis.").

Register attempts to distinguish Mercer on the ground that the captain here used the word "situation" in an announcement to the plane, whereas in Mercer a flight captain relayed to that plaintiff that he had considered him a "security threat" via an airline employee after the fact. (*See Pl.'s Opp'n* [Doc. 13] 6:28–7:3 (citing Mercer, 2014 WL 4681788, at *2).) This is a distinction without a difference. In essence, Register urges the Court to infer that the United captain here entertained no thought process having to do with the safety of passengers in deciding to divert a flight because of a perceived onboard situation. (*See Pl.'s Opp'n* [Doc. 13] 5:7–7:8.) This inference is not a plausible one, and the Court will not draw it. See Iqbal, 556 U.S. at 678, 682; Twombly, 550 U.S. at 570. Plaintiff's state-law causes of action implicate a federally occupied field. The FAA preempts them. See 49 U.S.C. § 44902(b); Ventress, 747 F.3d at 721–22.

Plaintiff's California-law causes of action will be dismissed without leave to amend.[4]  See 49 U.S.C. § 44902(b); Ventress, 747 F.3d at 721–22.

### B.     Federal Causes of Action
#### 1.     42 U.S.C. § 1981

United next contends that Register does not allege sufficient facts to support a cause of action for violation of 42 U.S.C. § 1981. (*See Def.'s Mot.* [Doc. 8-1] 11:1–13:14.)

//
//

---

[4] Leave to amend may be denied if amendment would be an exercise in futility. See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987); Foman v. Davis, 371 U.S. 178, 182 (1962). As this decision is based on an issue of law, amendment could not cure the defect.

That section provides:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). A cause of action for its violation requires an allegation of "intentional discrimination on account of race." See Evans v. McKay, 869 F.2d 1341, 1344 (9th Cir. 1989). There must be enough facts to give rise to a plausible inference of racial animus. See id.; Iqbal, 556 U.S. at 678, 682.

Only the most threadbare, conclusory allegations of racial antagonism on the part of United employees appear in the Complaint. (*See Compl.* [Doc. 1] ¶¶ 22 ("Prya was the aggressor, motivated by racial animus . . . ."), 26 ("Defendant engaged in intentional discrimination on the basis of Plaintiff's perceived race, color, alienage, or ethnicity.").) Without more, the Court need not—and does not—accept these allegations as true. See Iqbal, 556 U.S. at 678–79. The Complaint alleges that Register became involved in a disagreement with a member of a United flight crew. (*See Compl.* [Doc. 1] ¶¶ 7–22.) Allegations about the incident are devoid of any references to Register's race or ethnicity on the part of any United agent or employee—or, indeed, any other fact that might indicate that United acted because of Register's heritage. (*See id.*) Register alleges that the flight attendant in question used the word "bitch" in reference to an elderly African American passenger in front of children, which caused Register to speak up, leading to the outset of the situation that gave rise to this lawsuit. (*See id.*) But mere disrespect and vulgarity, without more, are not enough to support a plausible inference of racial animus necessary for a § 1981 cause of action.

Plaintiff's cause of action for violation of 42 U.S.C. § 1981 will be dismissed with leave to amend.

### 2. 42 U.S.C. § 2000d

United's final contention is that Register does not allege enough facts to give rise to a cause of action for violation of 42 U.S.C. § 2000d.

That section provides:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. "To state a claim for damages under [§ 2000d], a plaintiff must allege that (1) the entity involved engaged in unlawful discrimination; and (2) the entity involved was receiving federal financial assistance." Cabrera v. Alvarez, 977 F. Supp. 2d 969, 978 (N.D. Cal. 2013) (citing Rodriguez v. Cal. Highway Patrol, 89 F. Supp. 2d 1131, 1139 (N.D. Cal. 2000)).

Here, Plaintiff offers only the conclusory allegation that "Defendant's failure to permit Plaintiff to fly . . . on the basis of Plaintiff's race, color, and/or national origin discriminated against Plaintiff." (*Compl.* [Doc. 1] ¶ 38.) As discussed above as to § 1981, Plaintiff appears to urge the Court to draw an inference of racial discrimination from the allegedly vulgar and disrespectful conduct of the United flight attendant named Prya. (*See Compl.* [Doc. 1] ¶¶ 7–22.) However, the Complaint alleges insufficient facts to make that inference a plausible one. (*See id.*) See Iqbal, 556 U.S. at 678, 682. There are insufficient factual allegations of racial discrimination to support a cause of action for violation of 42 U.S.C. § 2000d.

For the foregoing reasons, Plaintiff's cause of action for violation of § 2000d will be dismissed with leave to amend.

//
//
//
//

IV. **CONCLUSION & ORDER**

For the foregoing reasons, the Court **GRANTS** Defendant's motion for judgment on the pleadings.  [Doc. 8.]

Plaintiff will have leave to amend the Complaint in compliance with the terms of this order.[5]  His amended pleading must be filed, if at all, by **Wednesday, March 15, 2017**.

**IT IS SO ORDERED.**

Dated:  March 1, 2017

Hon. Thomas J. Whelan
United States District Judge

---

[5] "The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).